UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

XIANRONG LIN,

                              Petitioner,

                                                                    <u>DECISION AND ORDER</u>

                                                                        07-MC-6012L

            v.

SECRETARY, U.S. DEPARTMENT OF
HOMELAND SECURITY, et al.,

                              Respondents.
_____

Petitioner, Xianrong Lin, appearing *pro se*, has filed a petition for a writ of mandamus directing the United States Citizenship and Immigration Services ("CIS") to render a decision on his application for citizenship. Lin, a citizen of China, alleges that he has met all of the requirements for naturalization except completion of his background check by the Federal Bureau of Investigation ("FBI"). Defendants, who include CIS and related federal agencies (collectively "the Government") contend in their answer that the petition should be dismissed for lack of subject matter jurisdiction, or alternatively, that the matter should be remanded to CIS.

**STATUTORY FRAMEWORK**

Under the applicable provisions of the Immigration and Nationality Act ("INA") and the governing regulations, the general requirements for obtaining citizenship through naturalization specify that "[n]o person ... shall be naturalized" unless the applicant meets certain criteria, such as

having resided continuously in the United States for at least five years, and being a "person of good moral character ... ."  8 U.S.C. § 1427(a).  In addition, the applicant must undergo a background check by the FBI for reasons of national security.  *See* Pub.L. 105-119, Title I, 111 Stat. 2448 (Nov. 26, 1997), *reprinted in* Notes to 8 U.S.C. § 1446; 8 C.F.R. § 335.2(b).

After the background check has been completed, each applicant must appear in person before a CIS officer for an "initial examination."  8 U.S.C. § 1446; 8 C.F.R. § 335.2(b).  The examination includes questioning by the officer about matters contained in the applicant's written submissions, as well as tests of English literacy and basic knowledge of the history and government of the United States.  8 C.F.R. § 335.2(c).  CIS is to render a decision on the citizenship application "at the time of the initial examination or within 120-days [sic] after the date of the initial examination of the applicant for naturalization under § 335.2."  8 C.F.R. § 335.3(a).  If CIS fails to issue a decision on the application within 120 days after the date of the examination, "the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."  8 U.S.C. § 1447(b).

**DISCUSSION**

According to the petition in the case at bar, Lin applied for naturalization on February 15, 2005.  A CIS officer interviewed Lin on May 5, 2006, at which time he passed all his citizenship exams, but he was told that a decision on his application could not be made because his background check was still pending.  Petition ¶¶ 4, 5.  Lin filed the petition in this action on March 2, 2007, over 300 days after his May 5 interview, alleging that he is still awaiting a decision on his application.

The Government contends that the petition should be dismissed for lack of subject matter jurisdiction on the ground that the matter is unripe for determination. *See United States v. Quinones*, 313 F.3d 49, 58 (2d Cir. 2002) ("courts 'do not have subject matter jurisdiction to address unripe claims'") (quoting *Cheffer v. Reno*, 55 F.3d 1517, 1523 (11th Cir. 1995)). According to the Government, the "examination" triggering the 120-day period under § 1447(b) includes not just the interview by a CIS examining officer, but also the FBI background check. The Government contends that the examination is not complete, and the 120-day period does not begin to run, until the interview has been conducted *and* the background check has been completed.[1] In support of that argument, the Government relies principally upon *Danilov v. Aguirre*, 370 F.Supp.2d 441 (E.D.Va. 2005), in which the court held that "an examination is not a single event, but instead is essentially a *process*" that includes an FBI background check, which must be completed before the 120-day period begins to run. *Id.* at 443-44.

As the Government acknowledges, however, "[t]his view has not met with approval in other courts." Government's Mem. at 15. In fact, "[s]ince the *Danilov* case issued, ... the vast majority of district courts have rejected that position in favor of finding that the interview date triggers the 120-day time period found in 8 U.S.C. § 1447(b)." *Nguyen v. Gonzalez*, Misc. No. H-07-0048, 2007 WL 713043, at *3 (S.D.Tex. Mar. 6, 2007) (collecting cases).

Having reviewed the relevant statutory and regulatory provisions, and the cases interpreting them, I agree with those courts that have held that it is the interview date, not the completion of the

---

[1] The Government also asserts that CIS did not violate 8 C.F.R. § 335.2 by conducting an interview of Lin before the completion of the background check, since, in the Government's view, that interview did not constitute the "initial examination" referred to in that regulation, but was simply a part of the overall "examination" process.

background check and other procedural requirements, that triggers the start of § 1447's 120-day period within which CIS is to issue a decision. Given the substantial body of case law that already exists on this subject, I will not recite at length the reasons why I believe that conclusion to be correct, other than to note that it is more consistent with the statutes and regulations themselves. *See Khelifa v. Chertoff*, 433 F.Supp.2d 836, 841-42 (E.D.Mich. 2006); *see also Nagem v. United States*, ___ F.Supp.2d ___, 2007 WL 891257, at *4 (N.D.Tex. 2007) (noting that the Government in that case "candidly admit[ted] that the majority view is the more logical and statutorily consistent argument"). Accordingly, I find that the Court has subject matter jurisdiction over Lin's petition, and that Lin is entitled to relief.

The next question, then, concerns the appropriate remedy. The Government suggest that, should the Court find that is has subject matter jurisdiction, it simply remand to CIS without any instructions. As the Government itself recognizes, however, "this is no meaningful relief," since it essentially just means a return to the *status quo ante* that precipitated Lin's petition in the first place.[2]

With respect to the appropriate remedy, courts have taken various approaches, ranging from the court itself deciding the application for naturalization, to holding the case in abeyance pending the FBI's completion of the background check by a specified date. *See Nagem*, 2007 WL 891257, at *4-6. After considering the matter and reviewing a number of cases from other courts, I conclude that the best course is to remand the action to CIS, with directions to issue a decision on Lin's application, as set forth in the Conclusion of this Decision and Order. This approach balances Lin's

---

[2]The Government takes the position that the "Court should not even reach this step of the analysis" because I should dismiss the petition for lack of subject matter jurisdiction.

legitimate interest in a relatively prompt decision on his application, Congress's directives regarding the manner and timing for deciding such applications, and the Government's need, for reasons of national security, to undertake a thorough and adequate background check of applicants for citizenship.  *See*, *e.g.*, *Adabkhah v. Gonzales*, No. 2:06-CV-1038, 2007 WL 1120571, at *2 (D.Utah Apr. 13, 2007); *Alamen v. Chertoff*, No. 06-2198, 2007 WL 1063015, at *2 (C.D.Ill. Apr. 4, 2007); *Arshad v. Chertoff*, No. 1:06-CV-277, 2007 WL 701185, at *3 (E.D.Tex. Mar. 2, 2007).

## CONCLUSION

The petition for a writ of mandamus (Dkt. #1) is dismissed without prejudice, and the matter is remanded to the United States Citizenship and Immigration Services ("CIS"), with instructions to render a decision on petitioner's application for citizenship within 120 days of the date of issuance of this Decision and Order.  The petition is dismissed without prejudice to refiling if CIS fails to render a decision within that time period.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       April 24, 2007.